# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHY ALIANO<br>Plaintiff,<br><br>v.<br><br>JOE CAPUTO & SONS – ALGONQUIN, INC.,<br>An Illinois Corporation, individually and d/b/a<br>JOE CAPUTO & SONS FRUIT MARKET; and<br>DOES 1-10,<br><br>Defendants. | CIVIL ACTION No. 09-CV-0910<br><br>Hon. Harry D. Leinenweber<br>Magistrate Judge Mason<br><br>**DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

Defendant, Joe Caputo and Sons – Algonquin, Inc. ("Caputo"), by its undersigned counsel, Fox Rothschild LLP and Doherty & Progar LLC, hereby supplements its prior objections and responses to the Second Set of Interrogatories propounded by Plaintiff, Kathy Aliano ("Plaintiff"), as follows:

## GENERAL OBJECTIONS

Caputo generally objects to Plaintiff's Second Set of Interrogatories (the "Requests") for the reasons set forth below:

1.  The Requests are propounded by named Plaintiff, Kathy Aliano, who, to date, has produced only one receipt, dated February 12, 2008, which displays the first six digits and last four digits of a credit card number assigned to one Mario Aliano, Sr. who is not a party to these proceedings and, thus, Plaintiff has no standing and is not entitled to the information requested (the "Standing Objection").

2. The Requests seek information or the production of documents that are not relevant to the issues in this case and are not reasonably calculated to lead to the discovery of admissible evidence ("Relevancy Objection").

3. The Requests seek information or the production of documents that are protected from disclosure by the attorney-client privilege ("Privilege Objection") and/or that have been prepared in anticipation of, or in connection with, this litigation and which constitute, reflect or contain the mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories of an attorney of Caputo, and/or the mental impressions, conclusions, or opinions of a representative of Caputo respecting the value or merit of a claim or defense or respecting strategy or tactics (the "Work-Product Objection"). The inadvertent release of information or the production of documents protected from disclosure by the attorney-client privilege and/or work-product doctrine shall not constitute a waiver of any applicable privilege with respect to such documents and information, and all copies thereof should be returned to counsel for Plaintiff.

4. The Requests contain definitions and instructions that purport to impose definitions other than the usual and ordinary meaning of the terms contained therein and/or to impose any obligations upon Caputo beyond those contained in the Federal Rules of Civil Procedure and/or Northern District of Illinois Local Rules of Civil Procedure (the "Definitional Objection.").

5. The Requests seek information or the production of documents that are not within the possession, custody or control of Caputo ("Absence of Control Objection").

6. The Requests are vague, ambiguous, confusing, overbroad, unduly burdensome, or otherwise lack sufficient precision to permit a meaningful response ("Undue Burden Objection").

7. The Requests are repetitive and burdensome in that they relate to matters that are covered by other requests for production and/or interrogatories and/or purport to require Caputo to provide the same information and documents more than once ("Repetitive Objection").

8. The Requests purport to impose obligations upon Caputo inconsistent with or beyond the scope imposed by the Federal Rules of Civil Procedure ("Scope Objection"). Caputo will respond and produce documents in accordance with the Rules.

9. The Requests do not specify a time period and/or specify an inappropriate time period for the information, documents or things that are sought ("Time-Frame Objection").

10. The Requests, which are overly broad in many instances, purport to require Caputo to locate, copy and produce many thousands of pages of documents and therefore purport to impose a significant burden and expense on Caputo ("Volume Objection").

11. The Requests seek information and/or documents in violation of the Rules in that the discovery (a) is sought in bad faith, (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense, (c) is beyond the scope of discovery, and/or, (d) would require the making of an unreasonable investigation by Caputo ("Oppression Objection").

12. The Requests purport to require Caputo to provide information and produce documents at a time when Caputo has not completed investigation of the facts relating to this action, have not completed discovery in this action, and have not begun preparation for trial. Therefore, the following responses are given without prejudice to Caputo's right to produce, at the time of trial or beforehand, subsequently-discovered evidence or evidence relating to the proof of facts later discovered to be material, including evidence produced at trial by Plaintiff, Caputo, their witnesses and/or any third parties. The following responses are also given without prejudice to Caputo's right to supplement, alter and/or amend its responses to these Requests in accordance with information learned or documents discovered in the course of continuing investigation and discovery relevant to this matter, up to and including the time of trial or any hearing in this matter.

**The fact that documents are attached, produced, and/or made available for inspection and copying in response to these Requests is not deemed to be and shall not be construed as an adoptive admission. They are being attached, produced and/or made available to assist in the response to questions and/or because these documents are requested and are not, therefore, adoptive admissions.**

Caputo expressly preserves until the time of trial all objections including, but not limited to: (a) all objections as to competency, relevancy, authenticity, materiality and admissibility; (b) all rights to object on any ground as to the use of any of the responses and documents in any subsequent proceedings, including the trial of this or any other action; (c) all objections to vagueness, broadness and ambiguity; and (d) all rights to object on any ground to any further discovery requests in this action.

## RESPONSES

Caputo incorporates by reference each of the foregoing General Objections in response to each individual Request. In addition, Caputo reserves the right to supplement, alter or amend the responses to these Requests. Without waiving any objections set forth herein and without conceding that any documents are properly discoverable or admissible, Caputo responds as follows:

1. State the date(s) that this Defendant brought its debit and credit card processing machines into use at its retail store located at 100 South Randall Road, Algonquin, Illinois, and state whether these machines are still in use today. If Defendant replaced any of its debit or credit card processing machines at any time, state the dates that all such machines were taken out and placed into service.

   **RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the date(s) on which Caputo may have brought its debit and credit card processing machines "into use" and/or replaced such machines "at any time" are not relevant to the claims asserted and are not likely to the lead to the discovery of admissible evidence with respect to such asserted claims. In fact, the owner and President of Integrated Store Systems, Inc. ("ISSI"), Roger Larsen, provided sworn deposition testimony regarding this issue at his March 17, 2010 deposition. Among other things, Mr. Larsen testified that the credit and/or debit card processing machines do not cause information to be printed on a receipt; rather, while the printer physically prints the receipts, it is the software that is responsible for telling the printer how many credit card numbers to print on a credit card receipt. Larsen Dep., 3/17/10, at 73-74.

5

ISSI is in the business of selling, installing, and maintaining the type of software necessary to print out credit/debit card receipts, which software controls the information actually printed on credit and/or debit card customers' receipts. Caputo retained and relied on ISSI to provide, among other things, credit/debit card processing equipment and/or software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. ISSI advised Caputo's to use LOC's Store Management Suite software (the Software). LOC supplied the Software to ISSI and ISSI re-sold and installed the LOC Software to work with the equipment and systems ISSI provided to Caputo.

By way of further response, Caputo's first began operations on August 27, 2007 and believes that, to the extent credit/debit card processing machines were in the store at the time, such machines were operational at that time. Third parties provided Caputo with any and all equipment and/or machinery used to process credit/debit card transactions. Based on information presently available to it, Caputo believes that the credit/debit card processing machinery and equipment in the check-out lanes may have consisted of the items identified on the documents labeled JCA-00001 through JCA-00010.

On information and belief, some of the credit/debit card processing machines may have been replaced by third-parties including, but not limited to, ISSI. Caputo's does not presently have information as to the date(s), if any, on which some of the credit/debit card processing machines may have been replaced by third parties. Nor does Caputo's presently have information as to the manufacturer, model, serial number, specific name/version of software, or

the dates of use of any such "replacement" equipment, if replaced. By cover letter dated February 2, 2010 directed to Plaintiff's counsel, ISSI produced 163 pages of documents in response to Plaintiff's subpoena. Caputos believes that information responsive to this Request may be derived or ascertained in accordance with Rule 33(d). Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

2. State the following for each of Defendant's debit and credit card processing machines that were ever in use at its retail store located at 100 South Randall Road, Algonquin, Illinois:
   (a) The name and address of the manufacturer,
   (b) The model number,
   (c) The serial number,
   (d) The name and version of all software that is used by or in conjunction with the machine to process debit or credit card transactions,
   (e) The dates of use of the machine and software,
   (f) From whom Defendant purchased the machine and software.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, its objections and response to the preceding Interrogatory. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

3. State the date that this Defendant began printing more than the last five digits of a persons credit card or debit card number on electronically printed receipts that Defendant provided at the point of sale or transaction at its retail store located at 100 South Randall Road, Algonquin, Illinois.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection,

7

Undue Burden Objection and Oppression Objection in that this Request seeks information as to all receipts over an extended period of time, whereas the only information refers to Plaintiff's purported claims. Finally, Caputo objects to this Request to the extent it states, infers or implies that Caputo has knowingly, willfully, recklessly and/or negligently violated FACTA which is a disputed issue in this matter. Nothing in Caputo's response to this or any other discovery request propounded in this matter shall be deemed to be or construed as an admission or statement against interest with respect to liability.

By way of further response, ISSI is in the business of selling, installing, and maintaining the type of software necessary to print out credit/debit card receipts, which software controls the information actually printed on credit and/or debit card customers' receipts. Caputo retained and relied on ISSI to provide credit/debit card processing equipment and software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. LOC supplied the software to ISSI and ISSI re-sold installed the LOC software to work with the equipment and systems ISSI provided to Caputo. Upon information and belief, ISSI may have information and/or documents responsive to this Request. Caputo incorporates by reference its response to Interrogatory No. 1 above. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

4. State the date that this Defendant stopped printing more than the last five digits of a person's credit card or debit card number on electronically printed receipts that Defendant provided at the point of sale or transaction at its retail store located at 100 South Randall Road, Algonquin, Illinois.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that this Request seeks information as to all receipts over an extended period of time, whereas the only information refers to Plaintiff's purported claims. Finally, Caputo objects to this Request to the extent it states, infers or implies that Caputo has knowingly, willfully, recklessly and/or negligently violated FACTA which is a disputed issue in this matter. Nothing in Caputo's response to this or any other discovery request propounded in this matter shall be deemed to be or construed as an admission or statement against interest with respect to liability.

By way of further response, ISSI is in the business of selling, installing, and maintaining the type of software necessary to print out credit/debit card receipts, which software controls the information actually printed on credit and/or debit card customers' receipts. Caputo relied on ISSI to provide credit/debit card processing equipment and software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. LOC supplied the software to ISSI and ISSI re-sold and installed the LOC software to work with the equipment and systems ISSI provided to Caputo.

Caputo believes that LOC, the software manufacturer, had to secure final PCI approval from PCI/Visa before LOC could begin upgrading software it had previously provided to retailers such as Caputo. Caputo does not have information as to the dates on which LOC received approval/notice of compliance from PCI. Caputo further believes that, after receiving approval from PCI, LOC and ISSI worked together and coordinated efforts to perform the necessary analysis, updating and testing of the LOC software that ISSI had purchased and installed at Caputo's. Caputo believes that ISSI installed the updated LOC software in or about February 2009 after LOC and ISSI had completed all analyses, updating, testing and other necessary work. Caputo does not presently have information as to the exact date ISSI installed the updated LOC software.

Upon information and belief, ISSI and/or LOC may have information and/or documents responsive to this Request. By cover letter dated February 2, 2010 directed to Plaintiff's counsel, ISSI produced 163 pages of documents in response to Plaintiff's subpoena from which information responsive to this Request may be derived or ascertained in accordance with Rule 33(d). In addition, the owner and President of ISSI, Roger Larsen, provided sworn deposition testimony regarding this issue at his March 17, 2010 deposition. At that time, Mr. Larsen testified that ISSI completed a major point upgrade in the LOC SMS Software which involved a substantial change in the Software to adhere to the Payment Card Industry Consortium Data Security Standards Payment Application Best Practices. ISSI's February 2009 upgrade of the LOC Software it installed at Caputo's eliminated the printing of more than the last five digits of credit and/or debit card numbers. Larsen Tr., 3/17/10, at 32-34. Mr. Larsen further testified that he was contacted by Caputo and that, in response to Caputo's inquiries, ISSI's Roger Larsen assured Caputo it was compliant with truncation requirements. Larsen Tr.,

3/17/10, 131-32. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

5. State whether this Defendant was named or covered under any primary and/or excess policy or policies of insurance from the date Defendant began doing business at its retail store located at 100 South Randall Road, Algonquin, IL, to the present. If so, state for each policy:
   (a) The name of the insurance company;
   (b) The policy number;
   (c) The effective policy period;
   (d) The maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage; and
   (e) The named insured(s) under each policy.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the insurance coverage, if any, that Defendant was "named or covered under from the date Defendant began doing business at its [Algonquin] store..." are not relevant to the claims asserted and are not likely to the lead to the discovery of admissible evidence with respect to such asserted claims. In addition, Caputo asserts the Scope Objection to the extent this Request purports to require Caputo to provide information and/or documents beyond the scope of the Rules of Civil Procedure. By way of further response, there is no insurance agreement under which an insurance business has acknowledged it is liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment. Caputo reserves the right to

supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

6. After Defendant Joe Caputo and Sons - Algonquin, Inc. learned of FACTA truncation requirements in September, 2007, state all actions that this Defendant undertook to ensure that its debit and credit card processing machines were properly truncating its customer's credit card or debit card number on electronically printed receipts that Defendant provided at the point of sale or transaction at its retail store located at 100 South Randall Road, Algonquin, Illinois.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the phrase "[a]ll actions . . ." is vague, overly broad, undefined as to nature, time, and content and does not put Caputo in a position to be able to provide a meaningful response or to identify and provide responsive, non-privileged materials. In addition, Caputo asserts the Privilege Objection, Work-Product Objection, and Repetitive Objection. Finally, Caputo objects to this Request to the extent it states, infers or implies that Caputo has knowingly, willfully, recklessly and/or negligently violated FACTA which is a disputed issue in this matter. Nothing in Caputo's response to this or any other discovery request propounded in this matter shall be deemed to be or construed as an admission or statement against interest with respect to liability.

By way of further response, ISSI is in the business of selling, installing, and maintaining the type of software necessary to print out credit/debit card receipts, which software controls the information actually printed on credit and/or debit card customers' receipts. Caputo retained and relied on ISSI to provide credit/debit card processing equipment and software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the

matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. LOC supplied the software to ISSI and ISSI re-sold installed the LOC software to work with the equipment and systems ISSI provided to Caputo.

By cover letter dated February 2, 2010 directed to Plaintiff's counsel, ISSI produced 163 pages of documents in response to Plaintiff's subpoena from which information responsive to this Request may be derived or ascertained in accordance with Rule 33(d). In addition, the owner and President of ISSI, Roger Larsen, provided sworn deposition testimony regarding this issue at his March 17, 2010 deposition. At that time, Mr. Larsen testified that ISSI completed a major point upgrade in the LOC SMS Software which involved a substantial change in the Software to adhere to the Payment Card Industry Consortium Data Security Standards Payment Application Best Practices. ISSI's February 2009 upgrade of the LOC Software it installed at Caputo's eliminated the printing of more than the last five digits of credit and/or debit card numbers. Larsen Tr., 3/17/10, at 32-34. Mr. Larsen further testified that he was contacted by Caputo and that, in response to Caputo's inquiries, ISSI's Roger Larsen assured Caputo it was compliant with truncation requirements. Larsen Tr., 3/17/10, 131-32. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

7. State the reasons why this Defendant continued to print more than the last five digits of a person's credit card or debit card number on electronically printed receipts that Defendant provided at the point of sale or transaction at its retail store located at 100 South Randall Road, Algonquin, Illinois, until March 9, 2009 despite this Defendant's knowledge of FACTA truncation requirements in September 2007.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the phrase "[a]ll actions . . ." is vague, overly broad, undefined as to nature, time, and content and does not put Caputo in a position to be able to provide a meaningful response or to identify and provide responsive, non-privileged materials. In addition, Caputo asserts the Privilege Objection, Work-Product Objection, and Repetitive Objection. Finally, Caputo objects to this Request to the extent it states, infers or implies that Caputo has knowingly, willfully, recklessly and/or negligently violated FACTA which is a disputed issue in this matter. Nothing in Caputo's response to this or any other discovery request propounded in this matter shall be deemed to be or construed as an admission or statement against interest with respect to liability.

By way of further response, Caputo relied on ISSI to provide credit/debit card processing equipment and software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. LOC supplied the software to ISSI and ISSI re-sold installed the LOC software to work with the equipment and systems ISSI provided to Caputo. By cover letter dated February 2, 2010 directed to

14

Plaintiff's counsel, ISSI produced 163 pages of documents in response to Plaintiff's subpoena from which information responsive to this Request may be derived or ascertained in accordance with Rule 33(d). In addition, the owner and President of ISSI, Roger Larsen, provided sworn deposition testimony regarding this issue at his March 17, 2010 deposition. Among other things, Mr. Larsen testified that the software manufacturer came on line with the upgrade that eliminated the printing of more than the last five digits of credit and/or debit card numbers at Caputo's in or about February 2009. Larsen Tr., 3/17/10, at 32-34. Mr. Larsen further testified that prior to the LOC software upgrade at Caputo's in February 2009, neither he, nor anyone at ISSI, nor anyone at Caputo's had the ability to go in and modify the LOC software to truncate any more credit card numbers off the receipts. Larsen Tr., 3/17/10, at 150, 158. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

Dated: May 18, 2010          **FOX ROTHSCHILD LLP**

*[signature]*

John J. Haggerty (PA I.D. No. 66932)
Stephanie B. Fineman (PA I.D. No. 93248)
2700 Kelly Road, Suite 300
Warrington, PA 18976-3624
Telephone: (215) 345-7500
Facsimile: (215) 345-7507
E-mail: jhaggerty@foxrothschild.com
        sfineman@foxrothschild.com

Allison L. Kashon (PA I.D. No. 76129)
1301 Atlantic Avenue, Midtown Building Suite 400
Atlantic City, NJ 08401
Telephone: (609) 348-4515
Facsimile: (609) 348-6834
E-mail: akashon@foxrothschild.com

**DOHERTY & PROGAR LLC**
Michael J. Progar (ARDC No. 6181280)
200 West Adams Street, Suite 2220
Chicago, IL 60606
Telephone: (312) 630-9630
Facsimile: (312) 630-9001
E-mail: mjp@doherty-progar.com

*Attorneys for Defendant,*
*Joe Caputo and Sons – Algonquin, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHY ALIANO<br><br>Plaintiff,<br><br>v.<br><br>JOE CAPUTO & SONS – ALGONQUIN, INC.,<br>An Illinois Corporation, individually and d/b/a<br>JOE CAPUTO & SONS FRUIT MARKET; and<br>DOES 1-10,<br><br>Defendants. | CIVIL ACTION No. 09-CV-0910<br><br>Hon. Harry D. Leinenweber<br>Magistrate Judge Mason<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this date, Defendant, Joe Caputo and Sons – Algonquin, Inc.'s

*Objections and Supplemental Responses to Plaintiff's Second Set of Interrogatories* was served

by electronic mail and U.S. First Class Mail, postage prepaid, as follows:

>Thomas A. Zimmerman, Jr., Esquire
>Adam M. Tamburelli, Esquire
>ZIMMERMAN LAW OFFICES, P.C.
>100 West Monroe, Suite 1300
>Chicago, Illinois 60603
>*Attorneys for Plaintiff, Kathy Aliano*

Dated: May 18, 2010                                    **FOX ROTHSCHILD LLP**

*[signature]*