# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHY ALIANO<br><br>          Plaintiff,<br><br>v.<br><br>JOE CAPUTO & SONS – ALGONQUIN, INC.,<br>An Illinois Corporation, individually and d/b/a<br>JOE CAPUTO & SONS FRUIT MARKET; and<br>DOES 1-10,<br><br>          Defendants. | CIVIL ACTION No. 09-CV-0910<br><br>Hon. Harry D. Leinenweber<br>Magistrate Judge Mason<br><br>**DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant, Joe Caputo and Sons – Algonquin, Inc. ("Caputo"), by its undersigned counsel, Fox Rothschild LLP and Doherty & Progar LLC, hereby responds to the Second Requests for Production of Documents propounded by Plaintiff, Kathy Aliano ("Plaintiff"), as follows:

## GENERAL OBJECTIONS

Caputo generally objects to Plaintiff's requests for production of documents for the reasons set forth below:

    1.    The Requests are propounded by named Plaintiff, Kathy Aliano, who, to date, has produced only one receipt, dated February 12, 2008, which displays the first six digits and last four digits of a credit card number assigned to one Mario Aliano, Sr. who is not a party to these proceedings and, thus, Plaintiff has no standing and is not entitled to the information requested (the "Standing Objection").

2. The Requests seek information or the production of documents that are not relevant to the issues in this case and are not reasonably calculated to lead to the discovery of admissible evidence ("Relevancy Objection").

3. The Requests seek information or the production of documents that are protected from disclosure by the attorney-client privilege ("Privilege Objection") and/or that have been prepared in anticipation of, or in connection with, this litigation and which constitute, reflect or contain the mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories of an attorney of Caputo, and/or the mental impressions, conclusions, or opinions of a representative of Caputo respecting the value or merit of a claim or defense or respecting strategy or tactics (the "Work-Product Objection"). The inadvertent release of information or the production of documents protected from disclosure by the attorney-client privilege and/or work-product doctrine shall not constitute a waiver of any applicable privilege with respect to such documents and information, and all copies thereof should be returned to counsel for Plaintiff.

4. The Requests contain definitions and instructions that purport to impose definitions other than the usual and ordinary meaning of the terms contained therein and/or to impose any obligations upon Caputo beyond those contained in the Federal Rules of Civil Procedure and/or Northern District of Illinois Local Rules of Civil Procedure (the "Definitional Objection.").

5. The Requests seek information or the production of documents that are not within the possession, custody or control of Caputo ("Absence of Control Objection").

6.  The Requests are vague, ambiguous, confusing, overbroad, unduly burdensome, or otherwise lack sufficient precision to permit a meaningful response ("Undue Burden Objection").

7.  The Requests are repetitive and burdensome in that they relate to matters that are covered by other requests for production and/or interrogatories and/or purport to require Caputo to provide the same information and documents more than once ("Repetitive Objection").

8.  The Requests purport to impose obligations upon Caputo inconsistent with or beyond the scope imposed by the Federal Rules of Civil Procedure ("Scope Objection"). Caputo will respond and produce documents in accordance with the Rules.

9.  The Requests do not specify a time period and/or specify an inappropriate time period for the information, documents or things that are sought ("Time-Frame Objection").

10. The Requests, which are overly broad in many instances, purport to require Caputo to locate, copy and produce many thousands of pages of documents and therefore purport to impose a significant burden and expense on Caputo ("Volume Objection").

11. The Requests seek information and/or documents in violation of the Rules in that the discovery (a) is sought in bad faith, (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense, (c) is beyond the scope of discovery, and/or, (d) would require the making of an unreasonable investigation by Caputo ("Oppression Objection").

12. The Requests purport to require Caputo to provide information and produce documents at a time when Caputo has not completed investigation of the facts relating to this action, have not completed discovery in this action, and have not begun preparation for trial. Therefore, the following responses are given without prejudice to Caputo's right to produce, at the time of trial or beforehand, subsequently-discovered evidence or evidence relating to the proof of facts later discovered to be material, including evidence produced at trial by Plaintiff, Caputo, their witnesses and/or any third parties. The following responses are also given without prejudice to Caputo's right to supplement, alter and/or amend its responses to these Requests in accordance with information learned or documents discovered in the course of continuing investigation and discovery relevant to this matter, up to and including the time of trial or any hearing in this matter.

**The fact that documents are attached, produced, and/or made available for inspection and copying in response to these requests is not deemed to be and shall not be construed as an adoptive admission. They are being attached, produced and/or made available to assist in the response to questions and/or because these documents are requested and are not, therefore, adoptive admissions.**

Caputo expressly preserves until the time of trial all objections including, but not limited to: (a) all objections as to competency, relevancy, authenticity, materiality and admissibility; (b) all rights to object on any ground as to the use of any of the responses and documents in any subsequent proceedings, including the trial of this or any other action; (c) all objections to vagueness, broadness and ambiguity; and (d) all rights to object on any ground to any further discovery requests in this action.

## RESPONSES

Caputo incorporates by reference each of the foregoing General Objections in response to each individual Request. In addition, Caputo reserves the right to supplement, alter or amend the responses to these Requests. Without waiving any objections set forth herein and without conceding that any documents are properly discoverable or admissible, Caputo responds as follows:

1. All documents relative to the date(s) that this Defendant brought its debit and credit card processing machines into use at its retail store located at 100 South Randall Road, Algonquin, Illinois, and whether these machines are still in use today. If Defendant replaced any of its debit or credit card processing machines at any time, produce all documents relative to the dates that all such machines were taken out and placed into service.

    **RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection. Moreover, Caputo specifically asserts the Relevancy Objection in that the date(s) on which Caputo may have brought its debit and credit card processing machines "into use" and/or replaced such machines "at any time" are not relevant to the claims asserted and are not likely to the lead to the discovery of admissible evidence with respect to such asserted claims. In fact, the owner and President of Integrated Store Systems, Inc. ("ISSI"), Roger Larsen, provided sworn deposition testimony regarding this issue at his March 17, 2010 deposition. Among other things, Mr. Larsen testified that the credit and/or debit card processing machines do not cause information to be printed on a receipt; rather, while the printer physically prints the receipts, it is the software that is responsible for telling the printer how many credit card numbers to print on a credit card receipt. Larsen Dep., 3/17/10, at 73-74.

ISSI is in the business of selling, installing, and maintaining the type of software necessary to print out credit/debit card receipts, which software controls the information actually printed on credit and/or debit card customers' receipts. Caputo retained and relied on ISSI to provide, among other things, credit/debit card processing equipment and/or software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. ISSI advised Caputo's to use LOC's Store Management Suite software (the Software). LOC supplied the Software to ISSI and ISSI re-sold and installed the LOC Software to work with the equipment and systems ISSI provided to Caputo. Upon information and belief, ISSI may have and/or may have produced in response to Plaintiff's subpoena documents regarding the equipment and software ISSI provided. By cover letter dated February 2, 2010 directed to Plaintiff's counsel, ISSI produced 163 pages of documents in response to Plaintiff's subpoena. Caputos believes that information responsive to this Request may be derived or ascertained in accordance with Rule 33(d).

By way of further response, Caputo's first began operations on August 27, 2007 and believes that, to the extent credit/debit card processing machines were in the store at the time, such machines were operational at that time. Third parties provided Caputo with any and all equipment and/or machinery used to process credit/debit card transactions. Based on information presently available to it, Caputo believes that the credit/debit card processing machinery and equipment in the check-out lanes may have consisted of the items identified on the documents labeled JCA-00001 through JCA-00010.

6

On information and belief, some of the credit/debit card processing machines may have been replaced by third-parties including, but not limited to, ISSI. Caputo's does not presently have documents responsive to this Request identifying the date(s), if any, on which some of the credit/debit card processing machines may have been replaced by third parties.

Caputo has not located any additional documentation as to the manufacturer, model, serial number, specific name/version of software, or the dates of use of any such "replacement" equipment, if replaced. Nor has Caputo located user manuals and/or technical manuals. Caputo's investigation is on-going and, in the event and to the extent such documents are located, they will be produced and/or made available for inspection and copying, upon reasonable notice. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

2. All user manuals, technical manuals, and other documents for each of Defendant's debit and credit card processing machines, and software that is used by or in conjunction with the machine to process debit or credit card transactions, that were ever in use at its retail store located at 100 South Randall Road, Algonquin, Illinois.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the "manuals, technical manuals and other documents" relating to the debit and credit card processing machines and software "that were ever in use" at its Algonquin store are not relevant to the claims asserted and are not likely to the lead to the discovery of admissible evidence with respect to such asserted claims for reasons set forth more fully in response to the preceding Request, which response is incorporated by reference. In addition, Caputo asserts the Privilege Objection and Work-Product Objection.

Moreover, Caputo asserts the Repetitive Objection in that the information and materials sought were previously requested in Plaintiff's First Request for Production No. 18 (seeking "[a]ll contracts or agreements for hardware of software used to process credit or debit card transactions or issue receipts in such transactions"); No. 19 (seeking "[a]ll correspondence with companies supplying you with hardware or software used to process credit or debit card transactions or issue receipts in such transactions"); No. 20 (seeking "[a]ll advertisements and literature for hardware or software used to process credit or debit card transactions or issue receipts in such transactions); No. 21 (seeking "[a]ll manuals, instructions and literature relating to hardware or software used to process credit or debit card transactions or issue receipts in such transactions.").

Subject to and without waiving the foregoing general and specific objections, Caputo incorporates by reference its response to Request No. 1. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

3. Complete policies of insurance, including all declarations pages and endorsements, for all primary and/or excess policy or policies of insurance that Defendant was named or covered under from the date Defendant began doing business at its retail store located at 100 South Randall Road, Algonquin, IL, to the present.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the insurance coverage, if any, that Defendant was "named or covered under from the date Defendant began doing business at its [Algonquin] store..." are not relevant to the claims asserted and are not likely to the lead to the discovery of admissible evidence with respect to such asserted claims. In addition, Caputo

8

asserts the Privilege Objection and Work-Product Objection. Caputo also asserts the Repetitive Objection in that the information and materials sought were previously requested in Plaintiff's First Request for Production, No. 35 (seeking "[a]ll insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto."). By way of further response, there is no insurance agreement under which an insurance business has acknowledged it is liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment. Caputo reserves the right to supplement, alter or amend this Response and to produce or make available additional, non-privileged documents responsive to this Request.

4. All documents relative to the date that Defendant Joe Caputo and Sons - Algonquin, Inc. stopped printing more than the last five digits of a person's credit card or debit card number on electronically printed receipts that Defendant provided at the point of sale or transaction at its retail store located at 100 South Randall Road, Algonquin, Illinois, including all documents showing the persons who reprogrammed the software to make the fix.

**RESPONSE:** Caputo incorporates by reference, as if fully set forth herein, each of the foregoing General Objections. Caputo specifically asserts the Standing Objection. Further, Caputo specifically asserts the Relevancy Objection, Time Frame Objection, Volume Objection, Undue Burden Objection and Oppression Objection in that the phrase "[a]ll documents relative to the date . . ." is vague, overly broad, undefined as to nature, time, and content and does not put Caputo in a position to be able to meaningfully identify and provide responsive, non-privileged materials. In addition, Caputo asserts the Privilege Objection, Work-Product Objection, and Repetitive Objection. Finally, Caputo objects to this Request to the extent it states, infers or implies that Caputo has knowingly, willfully, recklessly and/or negligently violated FACTA which is a disputed issue in this matter. Nothing in Caputo's response to this or any other

discovery request propounded in this matter shall be deemed to be or construed as an admission or statement against interest with respect to liability.

By way of further response, ISSI is in the business of selling, installing, and maintaining the type of software necessary to print out credit/debit card receipts, which software controls the information actually printed on credit and/or debit card customers' receipts. Caputo retained and relied on ISSI to provide, among other things, credit/debit card processing equipment and/or software that was compliant with all applicable law and to maintain and/or adapt procedures to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. Caputo also relied on the software manufacturer, LOC, to upgrade its software in a timely manner and in a manner compliant with all applicable law to avoid the matters complained of as alleged in Plaintiff's Amended Class Action Complaint. ISSI advised Caputo's to use LOC's Store Management Suite software (the Software). LOC supplied the Software to ISSI and ISSI re-sold and installed the LOC Software to work with the equipment and systems ISSI provided to Caputo. Upon information and belief, ISSI may have and/or may have produced in response to Plaintiff's subpoena documents regarding the equipment and software ISSI provided which may be responsive to this Request.

Subject to and without waiving the foregoing general and specific objections, Caputo incorporates by reference its responses to Request Nos. 1 and 2. In the event and to the extent Caputo locates relevant, responsive, non-privileged documents that have not been produced in these proceedings, establishing the date on which ISSI installed the updated LOC software, Caputo will produce and/or make such documents, if any, available for inspection and copying upon reasonable notice. Caputo reserves the right to supplement, alter or amend this Response

and to produce or make available additional, non-privileged documents responsive to this Request.

Dated: May 18, 2010

**FOX ROTHSCHILD LLP**

*[signature: Allison L Kashon]*

John J. Haggerty (PA I.D. No. 66932)
Stephanie B. Fineman (PA I.D. No. 93248)
2700 Kelly Road, Suite 300
Warrington, PA 18976-3624
Telephone: (215) 345-7500
Facsimile: (215) 345-7507
E-mail: jhaggerty@foxrothschild.com
        sfineman@foxrothschild.com

Allison L. Kashon (PA I.D. No. 76129)
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, NJ 08401
Telephone: (609) 348-4515
Facsimile: (609) 348-6834
E-mail: akashon@foxrothschild.com

**DOHERTY & PROGAR LLC**
Michael J. Progar (ARDC No. 6181280)
200 West Adams Street, Suite 2220
Chicago, IL 60606
Telephone: (312) 630-9630
Facsimile: (312) 630-9001
E-mail: mjp@doherty-progar.com

*Attorneys for Defendant,*
*Joe Caputo and Sons – Algonquin, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY ALIANO<br><br>                Plaintiff,<br><br>v.<br><br>JOE CAPUTO & SONS – ALGONQUIN, INC.,<br>An Illinois Corporation, individually and d/b/a<br>JOE CAPUTO & SONS FRUIT MARKET; and<br>DOES 1-10,<br><br>                Defendants. | CIVIL ACTION No. 09-CV-0910<br><br>Hon. Harry D. Leinenweber<br>Magistrate Judge Mason<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this date, Defendant, Joe Caputo and Sons – Algonquin, Inc.'s

*Objections and Supplemental Responses to Plaintiff's Second Requests for Production of*

*Documents* was served by electronic mail and U.S. First Class Mail, postage prepaid, as follows:

    Thomas A. Zimmerman, Jr., Esquire
    Adam M. Tamburelli, Esquire
    ZIMMERMAN LAW OFFICES, P.C.
    100 West Monroe, Suite 1300
    Chicago, Illinois 60603

    *Attorneys for Plaintiff, Kathy Aliano*

Dated: May 18, 2010                    **FOX ROTHSCHILD LLP**

                                                  */s/ Amin L. Kassem*

                                                  *Attorneys for Defendant,*
                                                  *Joe Caputo and Sons – Algonquin, Inc.*